on behalf of the appellant, Julio Almazan-Becerra. I'd like to reserve two minutes for a rebuttal, if I may. As the Court knows, this is a modified categorical approach case. The question in this case, it's the second time it's been up before the Court, and I think the first question is, what did the first panel mean when it remanded and gave the government an opportunity to attempt to distinguish the Shepard case? But the fundamental heart of the question is, what did Mr. Almazan-Becerra stipulate to when he pled guilty 13 years ago to two charges of transport or sale or offer to sell marijuana? And the question is whether we can divine what his stipulation of guilty was going to of the three possible alternative claims when he entered that guilty plea, and whether we can look beyond the face of the judicial documents and take what is essentially judicial notice of the police reports. Now, what I think the what he stipulated to was very clear on the record. He was asked, what is your plea to count one, what is your plea to count two? That is, did you either transport or sell or offer to sell marijuana charges of felony, sir? Is your plea guilty, not guilty, or no contest? He pleads guilty. Then he's asked, do both counsel stipulate the police reports and other documents within the court file contain a factual basis, not the factual basis, but a factual basis for the pleas in count one and two? And it's so stipulated. That's what we have on the record. So first question is, what are these other documents that they're us? It's just a wide-open stipulation. And then it says the police reports, plural. It doesn't even say police reports. It says police reports. So it's not entirely clear what the police reports are, although the government did put in about 10 or 12 pages of police reports. And as we pointed out, at least part of the reports would support a charge of actually trans of possession transporting for possession, but not for sale. So the point is that the whole thing is ambiguous. The initial plea in the conjunctive, and I think the first panel on this case dealt with that. They addressed the Hernandez-Hernandez case. They said this case is different from Hernandez-Hernandez. The reason is because in Hernandez-Hernandez, the predicate facts underlying the crime were actually incorporated into the record. And in this case, what do you think about the Fifth Circuit case, U.S. v. Castillo-Morales? In that case, when they said, when counsel stipulates that all of the the facts, the police report are the facts, the facts in the record will sustain the conviction, then the courts may use any uncontradicted facts in the documents to establish the elements of the conviction. I'd say, number one, this Court's not bound by what the Fifth Circuit held. Well, I appreciate that, but you'd say they're wrong. Why? Because I think they go way beyond what Shepard really allows. Well, I guess I want you to really talk about that, because the bottom line is, what Shepard really allows is that we ought to find what the evidence is that we can determine whether there's really convictions. Here, it isn't our problem. It is your problem that counsel got up and said, everything that's in the police reports in the record is the basis for the conviction. Stipulation. Based on that stipulation, then, the judge goes forward. Now, you're trying to come in and say, well, there are facts in the record that surely support what the conviction is that the government needs, but we ought to not look at those. We ought to look at only some facts. Because they stipulated to all of them, we shouldn't look at all of them. We could only look at those which support what position I want to support. And the Fifth Circuit said, baloney. If you're going to stipulate to all the facts in the record, then you're going to be bound to all those facts, and if there's facts you're bound to all the facts. It wasn't exactly a stipulation to all the facts. What he said was, he said that they contain a factual basis. So he didn't stipulate that all the facts in the police report are admitted for purposes of this plea. It's a factual basis for purposes of what? Excuse me? It's a factual basis for purposes of what? Well, for purposes of determining whether it was a voluntary plea. Plea. That's right. A plea of guilty. That's right. And the purpose of the factual basis, of requiring a factual basis, is in order to ensure that he understands that he's guilty. Correct. And but all he's understanding in this instance is that he's guilty of either transporting, selling, or offering to sell. And that's what the first panel on this case recognized. He was he was recognizing voluntarily that he was guilty of some one of those three potential alternative charges. He wasn't necessarily admitting that he was guilty of all three. Well, let me ask you this. When I read what was in the our prior panel's decision, it says, if the government on remand continues to assert the police reports, which counsel stipulated constitute a factual basis for its disjunctive plea, support application of the enhancement, the district court will need to determine whether this case can be distinguished from Shepard. Can this case be distinguished from Shepard? Well, my answer is no. Why? Now, look at Shepard, and look at this case. Don't you think there's quite a difference in those factual situations? Well, Shepard was laying out a Shepard said that you have to look to either judicial noticeable documents or documents where there's some agreement. Here, my point is that there's no there's no agreement as to exactly what the what the What's a stipulation? Excuse me? What is a stipulation? Well, a stipulation is an agreement. No question. But the question is what what were they stipulating to? And that's that's where you get into the ambiguity, because you have an ambiguous statute and you have ambiguous facts. So so my my point is it's unclear what what the stipulation is actually going to. There's no question there's an agreement. They plead guilty. We're not challenging that. But I'd like to go back to Judge Smith's earlier comment. Isn't there a stipulation to the content of those reports that's? No. All he's stipulating is that the report. That's where. Okay. I am that he's stipulating that the reports contain, which was the word that was used, a factual basis. He's not stipulating that the reports are true. He's not stipulating to an admission that what is stated in the reports is true. He's not stipulating that the reports can be incorporated as part of the complaint or part of the judgment or part of a showing of. Where does he say all of that? Excuse me? Where does he say all of that? He doesn't. If he's good counsel and he's making the stipulation, if he's saying, well, I stipulate to this, but not to this, I stipulate to that, but not to that, he ought to say it. This record suggests none of that. But that's the point of Shepard. And that's the reason the Fifth Circuit said what it did. But that's Shepard's point, is that this Court is not supposed to be guessing as to what exactly went on here. Okay. I'm going to save a little bit of time, if I may. May it please the Court. I'm Barbara Valliere on behalf of the United States. There really are two questions that have been presented here. The first was whether or not the panel's first decision in some way constrained the district court. Under the law of the case doctrine. And the second question was, did the district court, if it wasn't so constrained, did it in fact do the right thing? Here, I don't hear appellant today actually arguing law of the case. And I think our brief pretty clearly explains that the panel's first decision in this case, although it addressed the police reports and whether or not those could be considered under Shepard, did not either expressly or impliedly decide the question of whether or not the district court could look at them. In fact, the directive to the district court in this case was, upon remand, if the court or if the government is going to proffer the police reports in this case, then the district court would have to distinguish Shepard before it actually relied on them. So then that really leads to the second question, which is the meat of the question before the Court today, which is whether or not on remand the district court essentially properly considered those police reports or the court file in determining that the defendant had actually pleaded guilty to a sale of marijuana and not to either transport or an offer to sell. Under Shepard, the – I think really there's two questions there. The first is whether or not Shepard allows this. And I think under this Court's precedence, there's no question but that Shepard allows the Court to look at certain facts if, in language of Shepard itself, the Court can look to the transcript of the colloquy between the judge and the defendant in which factual – the factual basis for the plea was confirmed by the defendant. That's exactly what you have here on excerpts of record at 217. The defendant was asked whether or not he stipulated that the police reports and other documents within the court file contain a factual basis for the plea for counts 1 and 2. They stipulate. That stipulation is given broad effect, as I think Judge Smith noted. And in this Court, under United States v. Patterson, this Court has determined that a stipulation is an admission to all of the facts in – that are contained within those reports. Then the question becomes, really, because of the panel's first decision in this particular case, because the panel had decided that the defendant had pleaded guilty in the disjunctive and not the conjunctive, whether or not those – those police reports or those court files actually necessarily demonstrate that he was pleading guilty to assail. And the answer to that question is, as Judge Jensen painstakingly determined in the remand, yes. In fact, there's – reading those documents that were – it's submitted to the district court below, those three police reports and all of the attendant documents, the abstract of judgment, the police reports which list the notice of the charge that's charged to the defendant, it all reflects that the defendant had pleaded guilty to assail of marijuana. So he says in Shepard, the police report was not permitted because it was not part of the plea colloquy. It was only part of a police investigation. In this instance, where the police report was stipulated to as the factual basis of the plea, that would be permitted under Shepard. That's correct, Your Honor. In fact, the case law in this circuit is pretty clear that it's permissible under Shepard. The Espinoza-Cano, there is also the Parilla case. All of the cases that this Court has decided has recognized that the police reports are acceptable sources, provided that they are tethered to the plea colloquy itself. So that – that set that question aside. The only question is left is whether or not they necessarily show that there was a sale of marijuana. And I don't think that there's any really reasonable reading of these documents that would show anything else. The defendant is seen engaging in, by the police reports, three different police reports. It's reported that it's a hand-to-hand transaction. There's no evidence to support that it's an offer for sale. In fact, there's no – according to police reports, there's no facts to support that he – there was any – that the police officers overheard any conversation between the buyer and the seller. There's nothing in the reports that demonstrate transport of marijuana for personal use. And therefore, under – on this record, it seems that the district court properly and, I think, painstakingly determined that, in fact, the enhancement applied because this particular plea was to a sale. If there's no other questions. So is it your position that the underlying police reports, which the defendant stipulated to as providing a factual basis for his guilty plea, unequivocally established that the defendant had been convicted of a predicate drug trafficking offense as opposed to an offense which would not be qualifying such as transportation? Yes. It's – it's absolutely our view in this case. I mean, I think Judge Smith noted that the Fifth Circuit case would support that we didn't even have to show that. The only reason why in this particular case we may need to show that is because of Almazan Becerra 1, which noted that because this plea was in the disjunctive, we had to eliminate the other possibilities. Here, those police reports eliminate the other possibilities. There is no reasonable reading of those police reports that would support either an offer for sale or a transport for personal use. Thank you. No further questions. Thank you. Roberts. I just wanted to make a point that a Judge – Judge Smith in the argument that preceded this one, I think quoted from the Sandoval-Lua case, and stressed the importance of trying to determine what the underlying conviction was rather than the underlying facts. And what – what I read in this record is that the district judge painstakingly but nonetheless tried to mine those facts to try to – to determine what the legal effect would be. And that's what Sandoval-Lua discourages or – or prohibits in some situations, and that's not what Shepard – what Shepard advised. Well, the only problem that I have with that is that I have my prior panel, who, if I read them pretty correctly, and I – and I tried to read them, the first thing they said was, the government argues that pointing to a statement of counsel, at this point, we don't have to go back to the trial court. But guess what? You didn't raise it before, so you didn't get a chance to talk to us about it. Talk to the trial court about it, which said, number one, the stipulation meant something. And then the second point of it was, and now tell me how this is going to be distinguished from Shepard versus the United States. If you can do those two things, then guess what? You have the ultimate conviction. That's what they were saying. That's why I ask you those questions. And it seems to me, that's why you had to give the response, how do I get around those questions? That was what they said. I'm just here secondhand now, listening to what they said. I'm on the second round, too. Okay. Thank you, counsel. Case disargued is submitted for decision. We'll hear the next case for argument, which is United States versus Jacinto Sotelo.
judges: Schroeder, Smith, Fairbank